UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

KARAN GUPTA,

                             Plaintiff,       04-CV-2896 (NGG)(LB)

    against-

NEW YORK CITY SCHOOL CONSTRUCTION

                             Defendant.
---------------------------------------------------------- x

## PLAINTIFF'S AFFIDAVIT/AFFIRMATION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KARAN GUPTA, affirms the following. being duly sworn, deposes and says:

1. I am the plaintiff in this action, and I respectfully submit this affidavit/affirmation in opposition to the motion dated July 28, 2006 by New York School Construction Authority for Summary Judgment.
2. I have personal knowledge of facts which bear on this motion.
3. The motion should be denied because the facts stated in the motion by NYCSCA are inconsistent, inaccurate, incomplete, and as Plaintiff I have met my burden and provided sufficient evidence that a reasonable jury could find in my favor on my discrimination and retaliation claims.
4. I am representing myself in this case and therefore, have discussed all the material point by point to the best of my ability.
5. In view of the forgoing, it is respectfully submitted that the motion should be denied.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:

                                                Karan Gupta
                                                209 Cordial Road
                                                Yorktown N.Y.10598

LISA CLARK
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN WESTCHESTER COUNTY
REG. NO. 01CL6135497
MY COMMISSION EXPIRES OCT. 17, 2009

Sworn to me before this --11-- Day --Sept-- of 2006

Notary Public

## Plaintiff's Opposing Motion for the Defendant's memorandum of law in support of its motion for summary Judgment and Plaintiff's Response for the same

**Preliminary Statement:**

I, Karan Gupta, disagree with the motion for the summary judgment on the grounds provided by SCA dated July 28, 2006 and state that:
(1) my ability to promote claims is not time barred
(2) my race and age discrimination and failure to rehire claims are not barred for lack of subject matter jurisdiction because they were reasonably related to my EEOC complaint.
(3) I can establish a prima facie case because I can establish an inference of discrimination with respect to all of the actions about which I complain
(4) I can demonstrate that SCA's non-discriminatory reasons for these actions are pretextual in nature.

I was consistently discriminated on age, race, and national origin basis regarding promotion, employment termination and rehiring. These claims were included in my EEOC complaint and are reasonably related to each other. These actions taken together create a pattern and show that any other reason cited by SCA for my dismissal or denial for rehiring was a pretext and that race, age and national origin were the reason why I was selected for termination and not selected for promotion over other candidates.

## THE COURT HAS SUBJECT MATTER JURISDICTION OVER ALL OF THE PLAINTIFF'S CLAIMS AND HIS FAILURE TO PROMOTE TO THE DIRECTION POSITION IS NOT TIME BARRED.

I filed a general charge regarding discrimination against SCA on 6/19/03 regarding promotion and lay-off. I could not check" rehiring "since I was not aware of SCA's rehiring staff that time. (A copy of the same is attached.) What I filed with the EEOC was a General Intake Questionnaire. I filed the complaint answering the Questionnaire. When I complained later in the court at the Pro Se office I was more specific regarding the ground for discrimination such as "age"," race" and "national origin". The law suit is in continuation of the same charge of discrimination. Later I wrote a letter to EEOC regarding retaliation against rehiring when SCA started rehiring but they told me that my case was already in the court and they could not help me. Please note that the complaint was made at Pro Se office after I got the approval from EEOC.

**RACE CLAIM:** As a lay person, representing himself when filing the EEOC questionnaire I did not mark race because I assumed it was part of national origin. The inference that someone belongs to a certain class of people is directly linked to where they are from or perceived to be from. Having physical and noticeable characteristics of a South Asian, Pacific Islander is reasonably related to my national origin claim. Therefore, the two are difficult to detach and the EEOC would have had notice that the claims would be made since they are so similar. In addition, there is minimal burden with the addition of this claim considering the information and evidence from both are so similar and are linked. My intention was to claim discrimination based on race and

national origin along with age and since they are reasonably related my complaint based on race should not be barred.

**RE-HIRING CLAIM:** The rehiring claim is not time barred and is within the Court's jurisdiction. Even in the Defendant's own citation of *Butts v. City of New York Dep't of Hous. Preservation and Dev.*, 990 F.2d 1397, 1400 (2nd Cir. 1993) a claim may be brought even if not contained in the EEOC charge provided that (2) retaliation is for the filing of EEOC complaint. My rehiring claim is based on retaliation for exercising my right to file a complaint with the EEOC and pursue legal action. I was told by the EEOC verbally that SCA would never rehire me. The timing of the events as referenced by the Defendant's supports my claim of failure to rehire based on retaliation because the contracting with consulting firms began while my claim was pending with the EEOC and began contracting with temporary employment agencies right after, days after, my claim with the EEOC was completed and I was sent the right to sue letter.

In addition, my claim with the EEOC is on file and high level members including Human Resources Director at SCA were aware of the filing and my intent to pursue legal action in the courts. The notice they were provided during the investigation and knowledge they continually held, prevented any consulting firm or temporary agency from hiring me based on feedback from SCA. Therefore, regardless of the dates involved, the failure to re-hire claim is allowed because it is based on retaliation and is reasonably related to my filing of the claim with EEOC.

I approached EEOC for help to get my job back but they told me that SCA will not hire me back. I tried to get my job back at SCA through many agencies after I got laid off but I was never called for an interview or never got any direct job offer from SCA. For example some agencies are Aerotek, General Research, Gonzler Associates, Lehigh Engineering and Nescore. One agency sent me an E-Mail stating that SCA is not hiring past staff as consultant. Please note this response from SCA is after I filed a suit Against SCA. Copy attached.

I called Elan Abeneri my previous supervisor in December 2003 near Christmas time and he told me that he will sure call me when they start rehiring but that never happened. Even before my layoff I requested Mr. Abneri to consider me for a position in the Quality Assurance Division as Director which was an open position. The position was given to some one else. I had more than ten years experience in the quality assurance at Port Authority of New York and New Jersey.

Finally through my Interrogatories I came to know that SCA hired one employee in my position after February 15, 2005 along with other consultants. I was not called back on my job and other past employees were called back to work as consultants. Please note that SCA advertised this position after I got the reply from EEOC that SCA would not hire me back and I had already filed a suit against this agency. SCA laid me off from my job then hired another candidate in the same position late knowing that I want my job back, clearly shows retaliation on SCA's part.

Many agencies as mentioned above have recently sent my resume for a position at SCA but I am told that they get no response. There has been a constant denial about my rehiring by SCA.

With the emails I have received and information from the consulting firms, it is evident that SCA has been contacted and is involved in the hiring of consultants, temporary employees and permanent staff. Their knowledge of my lawsuit has made this retaliation claim with merit.

This lawsuit, ongoing has also been used a reason not to rehire me in addition to my filing with the EEOC claim. The continuation of my complaints is being used against me. The SCA has hired one employee for my exact role and several others on a consulting basis that I would be qualified for. I was not rehired because I chose to exercise my right to file a complaint and sue. The SCA posted the job request for my exact previous position while this action had commenced and while the SCA had knowledge of my EEOC complaint. Therefore, since I was told not to apply to the SCA because they would not hire me I was given a blanket rejection that had to be based on retaliation or discrimination otherwise they would have evaluated me on a job by job basis. These actions are not time barred and the Court has jurisdiction over this claim.

**TIME BAR OF CLAIM ON PROMOTION:** The promotion claim is not time-barred. The action of discrimination was not immediately evident until the work and actual management by Mr. Abneri occurred. There was no way to know of the discrimination until after Mr. Aberni was in the position for a while which would have been at least end of November, within Defendant's reference to the 300 day deadline. In addition the promotion claim is taken in conjunction with the other actions that occurred later, to create a pattern or trend that leaves discrimination as the only real reason I could have not been promoted. This issue was discussed before filing my complaint at EEOC and at Pro Se office on May 5, 2005 with Judge Ms. Bloom. I filed my charges both times with in time limits. The Court corrected Mr. Rosenthal SCA' s attorney that time. The charge of discrimination and retaliation can not be broken into pieces.

## PLAINTIFF CAN ESTABLISH, AS A MATTER OF LAW, HIS CLAIMS OF DISCRIMINATION ON THE BASIS OF RACE, NATIONAL ORGIN AND AGE

**IINFERENCE OF DISCRIMINATION:** As stated in Defendant's brief, in discrimination cases Plaintiffs have the ultimate burden of persuading the trier of facts that the defendants intentionally discriminated against them. I have proven this by the fact that SCA has so many times pushed me on the side regarding my promotion, rehiring and termination of my employment in spite of my being the most qualified dedicated hard working and loyal candidate for the position. When SCA <u>laid off</u> the only minority in that management level position, has not hired a minority in that capacity and keeps filling vacancies and temporary opportunities with younger, white, workers they leave an inference of discrimination.

I question why I was the only one <u>laid off</u> from five managers in the CIP Division.

When I was at SCA there were five managers in the CIP Division. Elan Abneri was promoted to the Director position. Carl Falcone was moved in Managing Architect B position in the Design Department. There were two other managers beside me whose names have never appeared in the response. Among all five I was the oldest and I was laid off. I was the only minority in that management position and the only one laid off that was a minority making the percentage of minorities removed during the "down-sizing" 100%. The inference and conclusion for why I was selected as part of the "down-sizing" is discrimination.

With regard to the standards that need to be met, I have already shown in the application of filing the law suit at Pro Se office and Defendant's statement agrees that I am a member of a protected class (age, race and national origin). I was qualified for the positions I applied for and should have been a viable candidate, I suffered adverse employment action by not being promoted and ultimately laid off and not rehired.

**AGE:** As a member of the protected class, anyone over the age of 50, I was selected to be laid-off because of my age. If you analyze the ratio of employees based on their age and ethnic background before and after layoff in 2003 you will find that it was not in compliance with the Equal Opportunity Law. In 2003, two candidates older than me were retained and three in my age group (above 60) including me were laid off. After rehiring Angelo Liarikos (younger and white candidate) the ratio becomes worse. In other words it clearly proves that the preference for retaining and rehiring staff in my managerial level was given to white and younger candidates.

In CIP division at SCA we were five Managers, Title A. One Manager Elan Abneri was promoted to Director Position over me. Another Manager Carl Falcone was moved to Manager B Title in the Design department. Out of three left I was the only one laid off. I was the oldest in the group of five managers. The names of the other two managers my level A (Vinu Patel, and Eilleen Del Prado ) have not been mentioned in the response to my interrogatory# 9. Therefore, within my group I was the oldest and therefore selected to be laid-off. In addition, those that were retained were all younger than me.

In the last response to my Interrogatory# 9 SCA has provided the names of staff with age in Managing Architect A level at present with SCA as follows:
Carl Falcone: 53.
Bohdan J. Huhlewych: 63.
S.William Mittleman: 76.
Mitchell R.Friedman: 56.
James P. Elberfield: 39.

The employees who were laid off with me in the same level A in 2003 are:
Christopher Finncan: 51.
Angelo Liarikos: 44.
Franklin Alexendar: 69.
John Moser: 62.

Angelo Liarikos was hired back by SCA later and EEOC was told by SCA that they would not take me back. Angelo Liarikos, the only one re-hired, was the youngest person let go during the lay-off and is white. Angelo Liarikos has less professional experience than me.

**PROMOTION:** Before directly responding to the Defendant's arguments, there are a few in accuracies that need to be noted in Defendant's statements. First, Carl Falcone was functioning as a Manager "B" in the Design department when I left SCA. I was given all his job assignments in Queens and in Bronx when he was moved in that position. In the February meeting 2006 with Judge Bloom Ms. Helferich stated that he was not promoted. In the response to my interrogatories it was stated that the position was not filled. However, I know for a fact that he was in fact promoted and I was given his old responsibilities. Therefore this material fact will need to be resolved in Court with since it is in dispute.

Second, with regard to the promotion involving Mr. Abneri Defendant's have inaccurately portrayed my performance evaluations, regarding my work. I was rated "very good" just as Mr. Abneri not "good" as referenced by the Defendant. (*See attached.*)

I can make out a Prima Facie Case on my failure to promote claims. However, the Court needs to be aware that the interview notes sheet as requested in my Interrogatories is missing and is not available.

The interviewer Mr. Ken Karpel admits in the small notes that <u>I promote myself as "Hands-on, people person and committed to high quality".</u> As a people oriented person. These skills are essential for management. (*See copy attached.*)

Mr. Karpel also notes that I have limited management experience without giving credit to my more than thirty years professional experience in management and design and to my MBA Degree in management with Honors. He is therefore, trying to lay the groundwork/paper trial not to promote me. His allegation is false and therefore, shows bias.

I was already a manager there doing a fine job and that is why I was called for the interview. In the interview I answered all his management questions. I question why he made a comment that I have limited management experience. I will like to get the interview Question Sheet to prove my case. (*Attached are copies of my management training and experience.*) The following shows that I should have been promoted and wasn't because of my age, race and national origin.
1. At SCA I was already trained a manager for which I had to attend a two day Management Seminar.
2. Elan Aberi is a Plumbing Engineer by trade and I am an Architect. There was a separate Mechanical Engineering Department when I was at SCA. As such he was more qualified for a higher position there because he had more experience in the mechanical field. I was more qualified with my qualifications and experience for the Director position in the CIP Division since an architect is trained in overall

designing of buildings including coordinating all trades (Architectural, Structural, Mechanical and Electrical.)
3. Seniority in terms of numbers of years at SCA was not a priority in the managing positions since President at SCA is the newest. Moreover Elan's experience was in mechanical field. Neither he has experience in overall architectural design of buildings nor he has a Degree in Management and thirty years diversified professional experience as I do.
4. All the above facts prove that this selection of Elan Abneri over me was bias and discriminatory.

Regarding the second claim for the position of Managing Architect "B":
1. Carl Falcone does not even have a Graduate Degree in Architecture. (*See attached*)
2. He was moved in that position when I was at SCA and was functioning in that role. All his jobs were given to me to handle.
3. He was still working there when I was Laid off.
4. I was qualified for that position.

With both promotions I would have earned a higher salary and moved up on the organizations. I suffered economic and emotional damages as a result.

**TERMINATION:** As mentioned by the Defendant I was laid off as a result of large scale reduction in the workforce by 362 employees and I was one of the 77 employees in the Architecture and Engineering Department. However, although the vehicle was a large scale reduction that does not mean their selection to off me wasn't a result of discrimination. Among those they could have laid-off, they chose me because of my age, race, and national origin. Please note that I was one of the most qualified and experienced employees in my level and was doing a fine job. If not, I need a clear specific and correct explanation. *Their rationale that is was due to seniority is pretextual in nature has will be discussed below. EEOC clearly stated that seniority was not part of the factors in regard to management level positions.* (*See attached.*)

The appropriate grouping to evaluate is those in the Managers. I was the oldest and only minority in Architect level A among these managers. Others with less experience and education were retained in their jobs. This is enough evidence that suggests that my termination of employment was a result of discriminatory animus. Defendants are now saying that seniority at the agency was one of the criteria but that was not the case during our meetings to discuss the lay-offs and I am sure they retained others that have less time in their departments but were white and young. They are using seniority as a pre-text. I was the only minority Manager and they selected to let me go. The fact that others were also let go does not mean they selected me on legal grounds. Actions are louder than words. It is not a subjective view.
The documents provided by SCA reflect the truth that the individuals with less experience and educations were retained and were preferred over me. For example Carl Falcone and two other managers in CIP Division whose names and their resumes are not provided by SCA were retained with less experience and education.

The lay-off study as mentioned showed a difference of less than two standard deviations between minority and majority lay off rates. This is not a specific answer to my interrogatories. I was asking for a ratio of minority/ Majority employees before and after lay off. Again we have to compare the experience and qualifications before laying off. <u>The two standard deviation between minority and majority layoff rates should not be allowed. Had I been rehired this deviation would have been less</u>. This statistics has to be calculated for managerial level as discussed in the February, 2006 meeting with Judge Bloom. The documents provided by SCA in response to my Interrogatory#9 shows that I was the only minority Manager level A Architect before layoff. After my lay off, one white younger candidate with less professional experience was rehired in my position. SCA informed EEOC that they would not rehire me. I was the only minority represented and when they chose to lay me off it was a 100% removal of minorities from the Manager level A positions.

The statement that all nine individuals in the Managing Architect A title, other than me were white and four of whom were laid off along with me, resigned or participated in retirement incentive program as a part of reduction in force, is confusing. We are only considering lay-off situation. Besides we have to consider all managers in my Managing Architect level A for comparing as per our meeting in February 2006 with Judge Bloom as mentioned above.

Two of the five individuals who were retained in my title, I will like to know why they were retained over me. I will like to know why I was the only manager in Managing Architect title A in the CIP division laid off out of five. The other four younger to me were retained. I am sure that age was the issue because I was the oldest in that group and race and national origin since I was the only minority.
I have produced enough evidence through the documents submitted by SCA to support an inference of discrimination with respect to lay off and their reasons are pretextual in nature. My qualifications and evaluations at the agency warranted that they retain me.

**FAILURE TO REHIRE:** After I was laid off I registered myself to many private agencies for job. I also looked on my own through New York Times. I was always interested to work at SCA and get my job back. I called and wrote letters to SCA executives to know the criteria of my lay off also to get my job back but got no response. I contacted EEOC in the month of June 2003 and requested them to help me if SCA can hire me back. EEOC told me that SCA would not hire me back.
In the December 2003, I called Elan Abneri and expressed my desire to get my job back and he told me that when SCA will rehire he will surely take me back. I never heard from him after that. It is important to note that he has been contacted in regard to my EEOC complaint and lawsuit and is fully aware of my decision to exercise my rights in hope of getting my job back. Finally I got an E-Mail from one of agencies that SCA will not take you back since you are a past employee. This occurred after I had filed a suit against SCA. (*See copy attached.*) This email shows two things. One, that the Defendant's claim that SCA does not have any involvement with the hiring decisions of the consultants is false; this agency clears placement with SCA. Second, it shows that the reasoning for not pursuing my placement or application is pretexutal

in nature since SCA did in fact hire someone who had previously been part of the lay-off.

SCA has hired one candidate Angelo Liarikos in my position on permanent basis in addition to so many other employees through agencies as consultants that had been previously laid-off. This shows retaliation and failure to rehire. Defendant's argue that I did not official apply for this position but I tried on several occasions and was told that they would not hire me back, therefore, was discouraged from even applying. I could not apply for this Managing Architect A position directly because of the response from EEOC that SCA will not hire me back. I was only trying through private agencies who told me that they did not get any response from SCA to my resume submitted. The very fact that SCA laid me off and then advertised this position and hired another candidate knowing that I wanted my job back proves retaliation on SCA's part. They did not hire others back nor make efforts to make the job posting known.

The staff members Bruce Barrett, and Elan Abneri who was promoted over me as a Director are the ones reviewing my resume as per response to my interrogatories by SCA and they are retaliating against me. They are aware of my EEOC complaint and lawsuit.

The above facts clearly indicate retaliation and discrimination by SCA regarding my rehiring. The E-Mail from Nescore (Private employment Agency) is a proof and an evidence of retaliation and discriminatory animus on the part of SCA.

**DEFENDANT'S REASONS FOR FAILURE TO PROMOTE, RETAIN AND REHIRE ARE PRETEXUTAL IN NATURE:** It is mentioned in this item that Plaintiff has established a prima facie case of discrimination, plaintiff's claims must fail because SCA (Defendant) has nonetheless provided numerous, non-discriminatory reasons for its actions. At the time of interview Mr. Abneri had 12 years experience at SCA in contrast to my one-year and four months. When I was hired in Managerial position I was promised to grow in SCA taken from a permanent job from Port Authority of New York &New Jersey where I had worked for more than ten years in the Quality Assurance Division. I brought to SCA a much better diversified experience in management and quality control. I had more than twenty five years professional experience in addition to Master's Degree in Architecture and a Degree in Management with Honors.
As mentioned that Mr., Abneri was promoted twice at SCA and had very good reviews I also received the same if you look at my last report.
If Mr. Karpel found that Mr. Abneri had demonstrated the ability to direct CIP programs and I did not, he should not have given the comments in my interview regarding being people-oriented and committed to high quality. He completely ignored my experience as Senior Vice President and a Partner in a private firm and my MBA Degree in management. Mr. Karpel's comment that Mr. Abneri is intelligent, can communicate and report clearly, and works well in stressful situations, is a bias opinion when he compares me with him with my professional achievements. This promotion of Elan Abneri over me is completely bias and discriminatory .

Regarding Manging Architect B position, Carl Falcone was moved in this role because he was functioning in that role when I left SCA. He was retained during reorganization and I was laid off being more qualified and experienced than him.

### WHAT DEFENDANT CLAIMS TO BE LEGITIMATE, NON-DISCRIMINATORY REASONS- PLAINTIFF'S TERMINATION ARE PRETEXTUAL IN NATURE.

It is mentioned in this item that as a part of large scale reorganization, out of 77 laid off employees 15 including me, were in managerial and other titles not represented by a union and 62 were in union represented title. It is also mentioned that during lay off, future needs of SCA, employee's type of technical and management experience and seniority was considered.
EEOC clearly gave in their response that in managing positions seniority was not considered. (*See attached.*) The explanation given that I was less needed is an incorrect and conflicting statement if you take my qualifications and experience in to consideration. In addition, I was covering the largest workload at the time.
You can not ignore my more than thirty years professional experience as an Architect (Total Building Design including coordination of structural, mechanical and electrical trades).
It is mentioned that "I was responsible for administrative and coordination of projects by in-House technical staff, I was not responsible for supervising and managing consulting contracts, nor I was responsible for supervising and reviewing the work."
It is a contradictory statement. On one side I was a manager to get all my projects done by the in-house staff much the same way s to get the job done by outside consultants. As a matter of fact it was more difficult and challenging job for handling the in-house staff. I had to supervise the progress of work and work with in house staff on a daily basis and monitor the scope of work and schedule. I had to work with the principals of the schools for scope of work and with the in-house staff for the preparation of design schematics and finally the construction documents. I also made presentations (Public Speaking) to the principals, parents and teachers for the sake of SCA in some situations. One event was a day before I was laid off at PS14-Bronx I defended SCA for some health and safety concerns for children before parents and teachers and the Borough President. I not only handled the most challenging CIP In-house jobs but in addition also the Reso- Jobs with limited budgets (CIP projects with limited budgets where the Community and Borough President was involved).
It is mentioned that I had two years experience at SCA at the tome of lay off. I accomplished much more for SCA than any other retained employee would do.
I was enjoying my work for the sake of a good cause, providing services for the health and safety of children.

In addition, whether I was responsible for in-house staff or consultants didn't matter since it was the projects' content that was important. The transition to consultants versus in-house staff when the consultants were going to be new is not material.

Regarding Elan Abneri, he is a Plumbing Engineer and he has experience in that mechanical trade. You can compare my professional background against the backgrounds of Mr. Falcone, Mr. Mittleman, Mr. Elberfeld and Mr. Huhewych and I stand out.

I have worked hard in my life to achieve higher education and experience. My lay off was not a business decision. All my jobs were given to employees with less experience and education to save their jobs or to consultants for more fees.
The documents provided by SCA reflect that.

I disagree that SCA has articulated a legitimate, non-discriminatory reason for my termination of employment.

### DEFENDANT'S LEGITIMATE, NON-DISCRIMINATORY REASONS FOR THE FAILURE TO RE-HIRE CLAIMS ARE PRETEXTUAL IN NATURE:

In this item it is mentioned that Plaintiff did not apply for Manager Level A position. Please note that I did not apply for this position because of EEOC direction to me that SCA would not hire me back and also through various agencies on temporary or permanent basis. Advertising the Manager A job and hiring another candidate in that position, and telling EEOC that SCA would not hire me back proves retaliation on SCA's part. I made my desire to be rehired in any capacity known and was doing my best to apply for all positions. Unfortunately, SCA prevented me from getting my foot in the door.

In addition, Mr. Aberni knew of my interest to be in the Manager Level A position and be rehired. The case the Defendant cites related to large human resource departments having an administrative burden with trying to keep track of applicant's interest. But, Mr. Aberni clearly knew of my desire to be rehired and did not have the burden of managing all hiring requests.

During the reorganization, as mentioned the management of in-house projects has been streamlined and duties have been absorbed by others. Please note that when I was hired I was offered the position for managing consultants. I was qualified to manage both In-house staff and outside consultants. SCA gave me the in-house assignment. Therefore, it is illegitimate and irrational to say that I was only labeled to manage in-House staff. Management is management.

They did not rehire me, discouraged me from applying because of my EEOC complaint and pending law suit and because they did not want to hire a minority that was older.

I came to Pro Se office on July 6, 04 with the following compliant
I was discriminated on the race (Asian Indian), National origin (India), and age regarding failure to rehire, termination of my employment and failure to promote.
With the help of the Court and my interrogatories I have proven with the documents provided by SCA the following.

*Promotion.*
For the Director position, Elan Abeneri a Plumbing Engineer by trade with twelve years experience , a native American, younger and with white race, has been promoted over me who is a licensed Architect by trade with more than thirty years professional experience and two Master's Degrees in Architecture and Business Management, an Asian Indian and older in age.

For the Managing Architect B position, Carl Falcone, an architect with less experience an no architectural Degree, a native American, younger with white race was moved in that position. His jobs in Queens and Bronx were given to me to handle. He was functioning in that role when I was laid off. He was retained on the job.

SCA has provided a confusing and an inconsistent summary judgment regarding the above.

*Termination:*
From the resumes and documents for personnel provided by SCA it is clear that I was most qualified candidate for the job, for promotion and to be retained instead SCA laid me off. I was providing cost-effective quality services at SCA for the welfare and safety of children in New York City Schools. Before one day of my lay off I made an excellent presentation to parents and teachers and the Borough President at PS14, Bronx to defend SCA regarding their concern for health and welfare of children.

*Rehiring:*
I called Ms. Bruce Berett and Mr. Elan Abneri to get my job back. Ms.Barrett never returned my phone call.
Mr. Abneri talked to me in December 03 regarding my getting the job back at SCA, but never contacted me. He knew that I wanted to come back to SCA
EEOC for help to get my job back EEOC told me that SCA would not hire me back.
I contacted private agencies as already discussed to get employment at SCA but my case was not encouraged by SCA.
I have been consistently pushed on the side and was discriminated regarding promotion, termination and rehiring. SCA's summary judgment is inconsistent and confusing and incorrect.
I could not get Deposition from SCA because of my poor financial resources but my interrogatories are enough to prove my case if SCA provides a clear, specific and correct answers to my questions.


**PLAINTIFF'S RETALIATION CLAIM IS INSUFFICIENT AS A MATTER OF LAW AND MUST BE DISMISSED.**

After I got laid-off, my first priority was to get my job back at SCA. As already mentioned that I contacted Ms. Barrett and Mr. Elan Abneri regarding getting my job back They gave me no help. I also registered myself in most of the agencies for getting me back at SCA. One agency sent me an E-mail telling me that SCA is not hiring back past employees as consultants. As a matter of fact some agencies have tried for me to get a job recently but SCA did not respond.

It is mentioned in this item that SCA did not begin to contact with consulting firms for temporary services until December 2003, or with temporary employment agencies until June, 2004 and that the posting for Managing Architect A until February 15, 2005.

Please note that there was a continuous trial from my side to get my job back at SCA. SCA was aware of this situation all the time regarding my case. After I came to know that SCA was rehiring staff, I wrote a letter to EEOC about retaliation claim since EEOC told me that SCA would not hire me back. (*See attached*) EEOC replied to me that my case is already in Court they would keep this information as a record. I could not apply directly to SCA for any position because of the direction given by SCA to EEOC they will never hire me back. I have asked SCA to hire me back and worked with their consultants and no one has responded positively. It can't be because of my experience so it must be retaliation.

SCA's point, that SCA isn't involved in the rehiring is baseless because of the involvement of EEOC, and private agencies regarding my rehiring. EEOC was told that I will not be rehired and so was the case about private agencies who were trying to get me a job there. I have an email indicating that SCA will not rehire individuals. Given my credentials, experience with SCA and experience overall, it doesn't make sense why I would not be hired back on a consultant basis. I have been "blacklisted" by SCA because I exercised my right to sue. I have met my burden of persuasion, and such my retaliation claim stands and must not be dismissed.

## CONCLUSION:

I respectfully request the Court that SCA's summary judgment motion should not be granted and I have my day in Court before a jury. Judgment should be entered in my favor for my financial loss as stated to SCA in my previous response to SCA's interrogatories and for the mental torture I and my family have been going through for more than last three years.

As discussed point by point, information provided by SCA was inconsistent, incorrect and confusing. I have stated the facts about my professional background (Managerial and Technical,) behavior with the staff, professional achievements for SCA and my about my interest in providing my professional services for the health, safety and welfare of school children.