UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KARAN GUPTA,

        Plaintiff,

   -against-

NEW YORK CITY SCHOOL
CONSTRUCTION AUTHORITY,

        Defendant.
----------------------------------------------------------------X

**NOT FOR PUBLICATION**

<u>MEMORANDUM & ORDER</u>

04 CV 2896 (NGG) (LB)

GARAUFIS, District Judge.

On May 14, 2007, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R & R") recommending that this court grant the motion to dismiss this action filed by Defendant New York City School Construction Authority ("SCA" or "Defendant"). The pro se Plaintiff submitted a timely statement of objections to the R & R, thereby requiring this court to make a de novo review of all portions of the R & R to which Plaintiff specifically objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having so reviewed Judge Bloom's R & R and Plaintiff's objections, I adopt the R & R in part and reject the R & R in part, grant summary judgment for Defendant, and dismiss Plaintiff's case in its entirety.

    **I.**    **Factual Background**

For the purpose of resolving the present motion, familiarity with the facts and R & R is presumed. In short, the Complaint stems from Plaintiff's allegations that Defendant discriminated against him on the basis of his race, national origin and age. Plaintiff was born in India on February 1, 1941 and is of Asian-Indian descent. He claims Defendant was discriminatory in failing to promote him on two different occasions, in later terminating him, and

then failing to rehire him after the termination. Plaintiff's action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. and the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §§ 621 et seq. Defendant has filed a motion for summary judgment.

### A. Promotion Claims

Plaintiff's Complaint first alleges that he was denied two promotions while he was employed at SCA for discriminatory reasons. The first promotion was for the position of "Director, Architecture & Engineering." (Plaintiff's Complaint ("Compl.") ¶ 8.) The second promotion was for the position of "Managing Architect, Level B." (Id.)

#### 1. Director, Architecture & Engineering

SCA posted a vacancy for the first position, "Director, Architecture & Engineering," on July 19, 2002 (Defendant's Statement of Material Facts ("Def. 56.1") ¶ 9), interviewed nine candidates – including Plaintiff – for the position, and chose another candidate on October 11, 2002 (Id. at ¶¶ 10-15). With regard to that promotion claim, Judge Bloom found that: (i) a claimant must file a charge of discrimination in New York within 300 days of the alleged discriminatory action; (ii) Plaintiff filed a formal action with the Equal Opportunity Employment Commission ("EEOC" or "Commission") on August 27, 2003, which was more than 300 days after October 11, 2002, the date on which SCA hired another candidate for the "Director, Architecture & Engineering" position; and (iii) that his claim should be found to be time barred. Plaintiff objects to Judge Bloom's recommendation that this claim should be dismissed as time barred, stating that he first contacted the EEOC and filled out the Commission's initial questionnaire in June 2003, and thus an adverse employment action taking place on October 11,

2

2002 should not be time barred.

### 2. Director, Managing Architect B

SCA posted a vacancy for the second position, Managing Architect B, on October 7, 2002. (Def. 56.1 ¶ 21.) Plaintiff claims he was denied this promotion due to discriminatory reasons. With regard to that promotion claim, Judge Bloom found that: (i) the posted vacancy was later withdrawn before it was filled; and (ii) that his claim should dismissed since he cannot establish a failure-to-promote claim based on a position for which no one was selected. Plaintiff objects to Judge Bloom's recommendation that his claim regarding this position be dismissed, noting that another individual was in fact interviewed for and given the role while Plaintiff was still employed at SCA.

### B. Termination Claim

SCA merged with the Department of Education's Division of School Facilities on October 31, 2002, and Plaintiff was laid off as part of a reduction in force ("RIF") on April 25, 2003. (Def. 56.1 ¶¶ 28, 30.) Judge Bloom found that: (i) to make out a prima facie case, Plaintiff must show that he belongs to a protected class, was performing his duties satisfactorily, was discharged, and the discharge occurred under circumstances giving rise to an inference of discrimination on the basis of his membership in that class; and (ii) Plaintiff failed to establish that final requirement, that Plaintiff's discharge was discriminatory in nature. Plaintiff objects to the R & R for two reasons: (i) that the court was incorrect to rely on Defendant's statistical analysis of its layoff policy; and (ii) that the court was incorrect to conclude that his termination claim did not present any circumstances giving rise to an inference of discrimination.

### C. Retaliation Claim

Plaintiff makes two retaliation claims: (i) that he was retaliated against when SCA did not rehire him for his old position, "Manager Level A (Engineer or Architect)," after he was laid off; and (ii) that he was "blackballed" by outside consulting firms hired to work with SCA due to his prior employment at SCA. Judge Bloom found that the record was clear that Plaintiff never applied to be rehired for the position of Managing Architect A and, thus, that Plaintiff cannot claim retaliation based on defendant's failure to rehire him for a position he admits he did not apply for. Plaintiff objects to the R & R, stating that he did place a phone call to an individual at SCA that went unreturned and spoke to individuals at outside "private agencies" regarding the job.

## II. Discussion

### A. Legal Standard

Summary judgment is appropriate when, after reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Tops Mkts., Inc. v. Quality Mkts., Inc., 142 F.3d 90, 95 (2d Cir.1998). Plaintiff has filed timely objections to Judge Bloom's recommendations that I dismiss the claims Plaintiff brought under Title VII and the ADEA. I must consider de novo the recommendations to which they object. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

### B. First Objection: "Director, Architecture & Engineering" Promotion

Plaintiff's first objection to the R & R deals with Judge Bloom's finding that Plaintiff's claim regarding the position of "Director, Architecture & Engineering" is time barred. Judge

Bloom accordingly recommends that I dismiss this claim. Plaintiff has objected to this, explaining that, although he filed his complaint with the EEOC after the statutory deadline, he first contacted the Commission before the time expired. For the reasons that follow, I decline to adopt Judge Bloom's recommendation to grant summary judgment based on the argument that Plaintiff's first failure to promote claim is time barred. Nevertheless, I do grant summary judgment for Defendant on this claim based on Plaintiff's failure to put forth any circumstances giving rise to a claim of discrimination.

Plaintiff formally filed his charge of employment discrimination with the EEOC on August 27, 2003, which was more than 300 days after the position of "Director, Architecture and Engineering" was filled on August 8, 2002. Judge Bloom found that any claims allegedly occurring before October 31, 2002 are time barred. (See R & R at 9 (citing EEOC Charge, Exhibit "CC").) Judge Bloom rejected Plaintiff's initial argument, that the 300-day limitations requirement should be waived because "there was no way to know of the discrimination until after [the new candidate] was in the position for awhile," as unavailing. (Id.) In his objection, Plaintiff does concede that he filed a formal complaint "responding to their general questionnaire only after knowing that Elan Abneri was given the Director position," but he has stated another reason that his first promotion claim should not be time barred: that he first contacted the EEOC in the month of June, 2003. (Plaintiff's Letter with Objections to the R & R ("Pl. Objections") at 2, docket entry #45.)

There is indeed evidence in the record that Plaintiff contacted the EEOC in June 2003, before filing a formal claim. A letter dated June 12, 2003 from EEOC Area Director Eugene V. Nelson to Plaintiff states that the EEOC "received a telephone call or a letter from you in which

you complained about unfavorable treatment by your employer or other organization. We need additional information to determine whether EEOC can help you." (Letter from EEOC Area Director Eugene V. Nelson to Plaintiff dated June 12, 2003, docket entry #40-4 at 56.) That letter does not mention a 300-day deadline to file formal charges but states "[w]e need additional information to determine whether EEOC can help you. Please complete the attached questionnaire and return it . . . ." (Id.) Plaintiff did fill out that questionnaire, entitled "Failure to Hire/Promote Questionnaire," and dated it June 19, 2003. (Failure to Hire/Promote Questionnaire dated June 19, 2003, docket entry #40-4 at 37-40.) In that questionnaire, Plaintiff claimed, inter alia, that he had been wrongfully passed over for promotion to the position of Director, Architecture and Engineering. (Id. at 37.) Two months later, a letter from the EEOC to Plaintiff dated August 11, 2003 references another telephone call between the EEOC and Plaintiff on that same day and encloses a "potential charge of discrimination" form, on which the EEOC requested that Plaintiff "make any necessary revisions, sign, notarize . . . and return . . . ." (Letter from EEOC Supervisory Investigator Hazel C. Stewart to Plaintiff dated August 11, 2003, docket entry #40-4 at 54.) That letter further states that:

> All charges must be received in our offices within 300 days from the most recent dates of harm. Therefore, I encourage you to file your charge within 300 days from the most recent dates of harm. If we do not hear from you within that time period, we will assume that you are no longer interested in filling a charge of discrimination, and no further action will be taken with respect to your complaint.

Id.

The law is clear that a claimant must file a charge of discrimination in New York within 300 days of the alleged discriminatory action. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626;

Tewksbury v. Ottaway Newspapers, 192 F.3d 322 (2d Cir. 1999); Torrico v. Int'l Business Machine Corp., 319 F. Supp. 2d 390, 401 (S.D.N.Y. 2004). Plaintiff complied by filing his original questionnaire with EEOC within the 300-day limitations period. Defendant is not technically wrong to argue that the official discrimination charge – the filing of the notarized Charge of Discrimination – was filed on August 27, 2003, which is outside the limitations period; however, "pro se litigants in federal court should be granted greater leniency and patience than persons who are represented by counsel." Spiegelman v. Reprise Records, 101 F.3d 685 (2d Cir. 1996) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Accordingly, for this first promotion claim, I decline to grant summary judgment for Defendant on the grounds that such claim is time barred.

That said, I grant summary judgment for Defendant on the merits. In addition to his objection regarding the time-bar issue, Plaintiff objects that he was not given the position of Director, Architecture & Engineering despite "being the most qualified candidate." (Pl. Objections at 2.) I analyze Plaintiff's failure to promote claim de novo under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). To bring such a claim, "a plaintiff has the burden of establishing a prima facie case of discrimination by showing that he or she: (i) is a member of a protected class; (ii) was qualified for the position at issue; (iii) was denied the position; and (iv) that the circumstances of the adverse employment decision give rise to an inference of discrimination." Mandell v. Count of Suffolk, 316 F.3d 368, 377 (applying the McDonnell Douglas Corp. framework). It is undoubtedly true that the first and third factors are present and militate towards a finding for Plaintiff. However, even assuming arguendo that Gupta was qualified for the position of Director, Architecture & Engineering, he has advanced no

circumstances whatsoever giving rise to an inference of discrimination in this promotion claim. Plaintiff has not alleged any animus, any derogatory comments, or anything else that would lead to a conclusion that the individual who conducted the interview for this position – or anyone else at SCA for that matter – chose another candidate instead of Plaintiff for a discriminatory reason. Plaintiff's only claim seems to be that the individual who got the job instead of him was younger and of a different race and national origin. Plaintiff has not put forth any other information that even hints at discrimination. See Richardson v. Newburgh, 984 F. Supp. 735, 744 (S.D.N.Y. 1997) (noting that "[s]imply because (1) some teachers had complaints about [the plaintiff], and (2) [the plaintiff] is African-American, does not impel the conclusion that (3) those teachers had misgivings about [the plaintiff] because she is African-American. This is the type of groundless speculation that summary judgment is designed to root out."); Lipton v. Nature Co., 71 F.3d 464 (2d Cir. 1995) (holding that "a party may not 'rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment'") (quoting Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir.1986)).

Plaintiff has also repeatedly argued, in his moving papers as well as his objections, that he was more qualified than the individual who filled the position of Director, Architecture and Engineering. I find that to be both conjecture and irrelevant. Even if it is true that Plaintiff was the more qualified candidate, a statement for which he has supplied only conclusory allegations, I "must respect the employer's unfettered discretion to choose among qualified candidates." Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 103 (2d Cir. 2001). As the Second Circuit has held:

> When a plaintiff seeks to prevent summary judgment on the strength of a

discrepancy in qualifications ignored by an employer, that discrepancy must bear the entire burden of allowing a reasonable trier of fact to not only conclude the employer's explanation was pretextual, but that the pretext served to mask unlawful discrimination. In effect, the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.

Id. (internal quotation marks and citation omitted). Plaintiff has entirely failed to do that in this case, and so summary judgment in favor of Defendant is warranted for Plaintiff's first promotion claim.

### C. Second Objection: "Managing Architect, Level B" Promotion

Plaintiff also challenges Judge Bloom's recommendation that I grant summary judgment for Defendant with regard to Plaintiff's second promotion claim dealing with the position of "Managing Architect, Level B." While I do grant summary judgment in favor of Defendant, I again decline to do so for the reason recommended to me by Judge Bloom, which is that Plaintiff cannot show an adverse employment action because the posted position was withdrawn.

SCA posted the position of "Managing Architect, Level B" on October 7, 2002. (Defendant's Statement of Material Facts ("Def. 56.1") ¶ 21.) Defendant claims that New York City reorganized SCA on October 31, 2002, and "[d]ue to the reorganization, this position was not filled." (Id. ¶¶ 22, 23.) The R & R notes that:

> Since SCA withdrew this posted vacancy after the reorganization of SCA was announced, plaintiff cannot establish a failure to promote [claim] based on this position as the posted vacancy was withdrawn and no one was selected for promotion. Therefore, defendant's motion for summary judgment on this claim should be granted.

(R & R at 10.) However, Plaintiff has put forth evidence on the record and in his objection that contradicts this point. He states that another individual, "Carl Falcone, was interviewed for this

9

position and was given that role when I was there." (Pl. Objections at 1.) Furthermore, Plaintiff has claimed that:

> Carl Falcone was functioning as a Manager "B" in the Design department when I left SCA. I was given all his job assignments in Queens and in [the] Bronx when he was moved in[to] that position. . . . In . . . response to my interrogatories it was stated that the position was not filled. However, I know for a fact that he was in fact promoted and I was given his old responsibilities. Therefore this material fact will need to be resolved in Court . . . since it is in dispute.

(Plaintiff's Affidavit in Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp.") at 6.) Since there is a genuine issue as to a material fact regarding this promotion claim, I disagree with the R & R's recommendation that Defendant is entitled to judgment as a matter of law based on this fact. See Fed. R. Civ. P. 56(c); Tops Mkts., Inc., 142 F.3d 95.

Nevertheless, like Plaintiff's first promotion claim, I find that summary judgment in favor of Defendant is warranted here because Plaintiff has advanced no circumstances whatsoever as part of this promotion claim that give rise to an inference of discrimination. Plaintiff's allegations are that: (i) Carl Falone ("Falcone"), the individual who Plaintiff claims filled the position of Managing Architect, Level B, "does not even have a Graduate Degree in Architecture" (Pl. Opp. at 7); (ii) Falcone was moved into the Level B position and "[a]ll of his jobs were given to me to handle (id.); (iii) "Falcone was still working there when I was [l]aid off" (id.); and (iv) "I was qualified for that position" (id.). Even if all the above were taken as true, that is not enough to overcome Defendant's motion for summary judgment. See Byrnie, 243 F.3d at 103; Richardson v. Newburgh, 984 F. Supp. at 744; Lipton v. Nature Co., 71 F.3d at 464. I thus grant summary judgment in favor of Defendant for Plaintiff's second promotion claim.

## C. Third Objection: Termination Claim

Third, Plaintiff objects to Judge Bloom's recommendation that I dismiss Plaintiff's termination claim due to his failure to present evidence of discrimination. Defendant states that "Plaintiff was laid off as part of a large-scale reorganization of the SCA, which was mandated by the mayor, and resulted in a reduction in SCA's workforce by 362 employees." (Def. 56.1 ¶¶ 24-26.) Plaintiff objects to Judge Bloom's R & R for two reasons. First, Plaintiff states that the court was incorrect to rely on Defendant's statistical analysis of its layoff policy, which showed a difference of fewer than two standard deviations between the minority and majority lay-off rates. (Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment at 9.) Regarding that analysis, Plaintiff wrote that "I am sure if I was retained [i]t would have been less and more in compliance with [e]qual [o]pportunity [l]aw." (Pl. Objections at 2.) Second, Plaintiff objects to Judge Bloom's finding that his termination claim did not present any circumstances giving rise to an inference of discrimination. To that end, Plaintiff states that "I was the most qualified and experienced [a]rchitect in the group and even than [sic] I was laid off without any satisfactory explaination [sic]. My jobs were given to other staff to handle. This is enough to satisfy the" fourth prong of the McDonnell Douglas Corp. test. (Id. (citing McDonnell Douglas Corp. v. Green) ("A plaintiff has the burden of establishing a prima facie case of discrimination by showing that he or she: (1) is a member of a protected class; (2) was qualified for the position at issue; (3) was denied the position; and (4) that the circumstances of the adverse employment decision give rise to an inference of discrimination.")) I find both of these objections to be unavailing and adopt the R & R's recommendation that I grant summary judgment for Defendant on this claim.

Plaintiff has failed to articulate any basis for his claim of discrimination regarding his termination. Indeed, that the statistical matrix Defendant presents might have been different had Defendant not terminated Plaintiff as part of a reduction in force ("RIF") does not mean that his termination was the result of discrimination. <u>Smith v. Xerox Corp.</u>, 196 F.3d 358, 365 (2d Cir. 1999), <u>rev'd on other grounds</u>, <u>Mecham v. Knolls Atomic Power Law</u>, 461 F.3d 134 (2d Cir. 1996) ("[s]tatistical data may be admitted to show a disparity in outcome between groups, but to make out a prima facie case the statistical disparity must be sufficiently substantial to raise an inference of causation"). For the reasons that Judge Bloom delineates, I agree that Defendant's statistical data undermines Plaintiff's prima facie case. (<u>See</u> R & R at 11-12.)

Moreover, I agree with Judge Bloom that Plaintiff fails to present any circumstances that give rise to an inference of discriminatory termination. Indeed, Plaintiff specifically testified that he did not confront any discriminatory comments, language, gestures or communications before he was terminated. (<u>See</u> R & R at 13.) For the reasons laid out in the R & R, I agree that Plaintiff has failed to present any evidence of disparate treatment or that he was treated less favorably than similarly situated employees outside his protected group. Accordingly, Plaintiff has not established a prima facie discrimination case with regard to the termination based on his race, national origin or age, and I adopt Judge Bloom's recommendation that I grant Defendant's motion for summary judgment regarding this claim.

### D. Fourth Objection: Retaliation Claim

Finally, Plaintiff objects to Judge Bloom's finding that Plaintiff's retaliation claim should be dismissed because he never applied to be rehired for the position of Managing Architect A. The record is clear that Plaintiff did not apply for this position. (<u>See</u> Defendant's Motion for

Summary Judgment ("Def. Motion") Exhibit B at 107:2-9 and 122:9-123:1, docket entry #33.)

However, Plaintiff objects, stating that he:

> applied for jobs at SCA through private agencies[,] and one agency sent me an [e]-mail stating that SCA will not rehire me. I contacted Elan Abneri in December . . . 2003 by phone to get my job back but no body [sic] called back from SCA. I could not apply for any jobs at SCA for any jobs later because of negative response from EEOC . . . and other sources. My phone call to Mr. Abneri should be treated as my application but when told from those with authority that I can not [sic] apply[,] I followed their determination. I should not be penalized because they told me not to apply.

(Pl. Objections at 2.) I agree with Judge Bloom, however, that "[q]uite simply, plaintiff cannot claim retaliation based on defendant's failure to rehire him for a position he admits he did not apply for." (R & R at 17 (citing Brown v. Coach Stores, Inc., 163 F.3d 706, 709 (2d Cir. 1998) ("We read McDonnell Douglas [a failure to rehire case] . . . generally to require a plaintiff to allege that she or he applied for a specific position or positions and was rejected therefrom, rather than merely asserting that on several occasions she or he generally requested promotion).) That Plaintiff placed a telephone call to an individual at SCA regarding the job – that evidently went unreturned – or that he spoke to individuals at outside "private agencies" is beside the point. He quite simply did not apply for the job he states he was denied based on retaliation, a claim that cannot survive summary judgment for the reasons the R & R delineates.

Even were I to deem the telephone call he placed to SCA to constitute a formal job application for the position of Managing Architect A, like his other claims, Plaintiff has not established any inference of discrimination. I agree with Judge Bloom's characterization of Plaintiff's feelings as heartfelt, but his speculative and supported claims are not enough to give rise to an inference of discrimination. See Scott v. Coughlin, 334 F.3d 282, 287 (2d Cir. 2003)

13

("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment" on a retaliation claim). I therefore grant summary judgment for Defendant.

**III.     Conclusion**

For the foregoing reasons, I adopt the R & R in part and reject the R & R in part, grant summary judgment for Defendant, and dismiss Plaintiff's case in its entirety. The Clerk of Court is hereby directed to close this case.


SO ORDERED.

Dated:  June 25, 2007                                             /s/ Nicholas G. Garaufis
       Brooklyn, N.Y.                                         NICHOLAS G. GARAUFIS
                                                         United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

KARAN GUPTA,

                                  **CIVIL JUDGMENT**
        Plaintiff,                  04 CV 2896 (NGG) (LB)

    -against-

NEW YORK CITY SCHOOL
CONSTRUCTION AUTHORITY,

        Defendant.
_____X

       Pursuant to the order issued on June 25, 2007 by the undersigned dismissing the complaint, it is

       **ORDERED, ADJUDGED AND DECREED**: That the complaint is hereby dismissed. Fed. R. Civ. P. 56.


Dated:    June 25, 2007
          Brooklyn, New York        /s/ Nicholas G. Garaufis
                                                  NICHOLAS G. GARAUFIS
                                                  United States District Judge